# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| AUSTIN FILTER SYSTEMS, INC. <br> *Plaintiff* <br><br> v. <br><br> BELT CONSTRUCTION, INC., THE <br> GUARANTEE COMPANY OF NORTH <br> AMERICA USA, and KYLE BASS <br> *Defendants* <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE <br> COMPANY and MARK TOUNGATE <br> *Third-Party Defendants* | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:20-CV-3176-S |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Belt Construction, Inc.'s Second Motion to Dismiss Plaintiff's Tort Claims Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 54] and Defendant Kyle Bass's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 55] (collectively, "Motions to Dismiss"). The Court has reviewed and considered Plaintiff's Second Amended Complaint [ECF No. 52]; Defendants' Motions to Dismiss; Austin Filter System, Inc.'s Consolidated Response in Opposition to Defendants Belt Construction, Inc. and Kyle Bass's Motions to Dismiss [ECF No. 60] and brief in support ("Response Brief") [ECF No. 61]; and Defendants Belt Construction, Inc. and Kyle Bass's Reply to Plaintiff's Consolidated Response to Defendants' Second Motions to Dismiss Plaintiff's Tort Claims Pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 65]. For the following reasons, the Court **GRANTS** Defendant Kyle Bass's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Bass's Motion") and

**DENIES** Defendant Belt Construction, Inc.'s Second Motion to Dismiss Plaintiff's Tort Claims Pursuant to Fed. R. Civ. P. 12(b)(6) ("Belt's Motion").

## I. BACKGROUND

This action arises from a subcontract agreement between Plaintiff Austin Filter Systems, Inc. and Defendant Belt Construction, Inc. ("Belt") for a City of Irving construction project (the "Project"). 2d Am. Compl. ¶ 11. Plaintiff alleges that Belt breached various provisions of the subcontract, which, in relevant part, required Belt to obtain Plaintiff's approval prior to hiring sub-subcontractors for the Project and to train "every person who entered the job site" on Plaintiff's safety procedures. *Id.* ¶ 13. In addition, the subcontract required Belt to indemnify Plaintiff against "any claims, damages, losses and expenses, demands, suits, judgments, settlements, attorney fees, costs of defense, and any other liabilities . . . for negligence relating in any way to bodily injury" arising out of Belt's performance under the subcontract. *See* 2d Am. Compl. Ex. 1 [ECF No. 52-1] at ¶ 11.

Defendant Kyle Bass ("Bass") is the owner and president of Belt (together with Belt, "Defendants"). According to the Second Amended Complaint, Bass oversees Belt's day-to-day operations, including staffing Belt's work on the Project. 2d Am. Compl. ¶ 48. Plaintiff asserts that "Belt and/or Bass" hired an individual named Ed Faulkner ("Faulkner") to perform work on the Project without seeking Plaintiff's permission, providing any safety training, or informing Faulkner of the work site's safety requirements. *Id.* ¶¶ 23-24. Faulkner subsequently sustained injuries on the Project work site, which Plaintiff alleges was a result of Faulkner's failure to comply with several required safety conditions. *Id.* ¶ 25. Faulkner was hospitalized for these injuries and ultimately sued Plaintiff and Belt for negligence in state court. *Id.* ¶ 27. While both parties settled with Faulkner prior to trial, Plaintiff asserts that Belt did not indemnify Plaintiff for the litigation

or reimburse Plaintiff for its legal fees, which Plaintiff alleges was required under the subcontract. *Id.* ¶¶ 29-31.

After settling the Faulkner litigation, Plaintiff filed suit in state court, asserting a breach of contract claim against Belt and a claim against The Guarantee Company of North America USA to recover under a performance bond issued in connection with the Project. *See* Pl.'s Original Pet. [ECF No. 1-3]. Belt removed the action to federal court, and Plaintiff filed the Second Amended Complaint asserting new tort claims against both Belt and Bass for negligent hiring and supervision (Count III) and trespass to real property (Count IV) (collectively, "tort claims").[1] Belt and Bass each filed motions to dismiss Plaintiff's tort claims.[2]

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must

---

[1] Plaintiff also added claims against Belt's insurers, The Phoenix Insurance Company and Travelers Property Casualty Company of America, related to their alleged duties to defend and indemnify in the Faulkner litigation. *See* 2d Am. Compl. These claims are not at issue in Defendants' Motions to Dismiss.

[2] Belt does not move to dismiss Plaintiff's breach of contract claim.

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). Dismissal under Rule 12(b)(6) is appropriate based on a successful affirmative defense only when the defense appears clearly on the face of the complaint. *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) (citing *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Id.*

### III. ANALYSIS

Defendants both move to dismiss on three grounds: (1) Plaintiff's tort claims are barred by the economic loss doctrine, (2) Plaintiff forfeited its right to bring subsequent claims against alleged joint tortfeasors when it voluntarily settled the claims in the Faulkner litigation, and (3) Plaintiff does not plead facts sufficient to state a trespass claim upon which relief can be granted. Bass moves to dismiss the tort claims on the additional basis that he cannot be held individually liable for acts in his capacity as Belt's corporate officer in the absence of an independent duty

owed to Plaintiff. The Court first examines whether Plaintiff has stated plausible claims against Bass individually before addressing Defendants' joint arguments.

### A. *Bass's Individual Liability*

Under Texas law, employers have a nondelegable duty to provide a safe working environment for their employees. *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). "When the employer is a corporation, the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace." *Leitch*, 935 S.W.2d at 117. While a corporate officer can be liable for his own negligence, "individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty." *Id.*

Bass asserts he cannot be held individually liable for acts taken in his capacity as Belt's corporate officer because Plaintiff has not alleged any independent legal duty owed by Bass. Rather, Bass asserts, Plaintiff attempts to impute Belt's contractual duties to Bass individually. In support, Bass cites to *Leitch v. Hornsby*, in which the Texas Supreme Court held that "a corporate officer acting on the corporation's behalf does not owe a corporate employee an individualized duty to provide that employee with a safe workplace." 935 S.W.2d at 118. The Texas Supreme Court reasoned that the officers' actions, "whether active or passive, were actions of a corporate officer on behalf" of the corporation and are thus deemed acts of the corporation. *Id.* at 118.

This case falls squarely under *Leitch*. Plaintiff seeks to hold Bass individually liable based on the allegations that "Belt and Bass . . . controlled Faulkner or had a right to control Faulkner's work," "Belt and Bass did not provide training to Faulkner" or ensure that Faulkner owned the required safety equipment, and "Belt and Bass did not identify to [Plaintiff] that the Faulkner work site was a safety hazard." Resp. Br. 18 (citing 2d Am. Compl. ¶¶ 23, 25). But nowhere in the

Second Amended Complaint does Plaintiff even "attempt to differentiate the duties owed by the individual defendants and those owed by [Belt] as a corporation." *Garcia v. Swift Beef Co.*, No. 2:20-cv-263-Z, 2021 WL 2826791, at *6–7 (N.D. Tex. July 7, 2021) (citing *In re Butt*, 495 S.W.3d 455, 464 (Tex. App.—Corpus Christi 2016) (holding "liability cannot be imposed on employees where the employer and the employees committed identical negligent acts or omissions")). Even ignoring the well-settled rule articulated in *Leitch*, the Court is not convinced that Plaintiff's bare-bones allegations as to Bass are sufficient to state plausible claims for negligent hiring or trespass against him individually. Accordingly, Bass's Motion is granted, and Plaintiff's claims for negligent hiring and supervision and trespass to real property are dismissed as to Bass. The Court now proceeds to the remaining arguments for dismissal of these claims as to Belt.

### B. *The Economic Loss Rule*

"The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014) (citations omitted). Belt contends that Plaintiff's tort claims are barred by the economic loss rule because they seek redress for alleged injuries arising solely from Plaintiff's subcontract agreement with Belt. Plaintiff counters that it is permitted to plead its tort theories in the alternative to its breach of contract claim, even if those theories are inconsistent.

The Court finds that dismissal based on the economic loss rule is inappropriate at this juncture because Plaintiff is entitled to plead claims under alternative theories—even if it cannot ultimately recover under each theory. *See* FED. R. CIV. P. 8(d)(2)–(3) (permitting parties to "set out 2 or more statements of a claim or defense alternatively or hypothetically" and providing that parties may state multiple separate claims, "regardless of consistency"). While the economic loss

6

rule might prohibit Plaintiff from recovering damages for both contract and tort claims based on the same alleged conduct, it does not prevent Plaintiff from *pleading* both contract and tort claims as alternative theories of recovery. Belt's Motion is thus denied to the extent it seeks dismissal based on the economic loss rule.

### C. *Contribution*

Belt asserts that Plaintiff's tort claims are really claims for contribution in disguise, and that they should be dismissed because Plaintiff's right to seek contribution was extinguished when it settled the Faulkner lawsuit. Plaintiff responds that it is not seeking contribution but rather indemnification, which arises pursuant to a contract and does not accrue until all the potential liabilities of an indemnitee become fixed and certain. Resp. Br. 16. Plaintiff further asserts that it did not settle Faulkner's entire claim, as required for contribution to apply. *Id.*

The Court finds that it is not clear on the face of the pleadings that Plaintiff's tort claims are in reality attempts to seek contribution, or that they are barred by settlement of a separate lawsuit. Further, after carefully considering the pleadings, the Court concludes that Plaintiff has pleaded the facts of its tort claims against Belt with enough particularity to pass muster under Rule 8 and survive a motion to dismiss under Rule 12(b)(6). *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678. Accordingly, Belt's Motion is denied as to Plaintiff's negligent hiring and trespass claims against Belt.

### IV. CONCLUSION

For the foregoing reasons, Defendant Kyle Bass's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**, and Defendant Belt Construction, Inc.'s Second Motion to Dismiss Plaintiff's Tort Claims Pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**. Counts III and IV of the Second Amended Complaint are **DISMISSED** as to Defendant Kyle Bass only. The

Court **GRANTS** Plaintiff's request for leave to amend the dismissed claims. If Plaintiff amends, it must do so by **March 11, 2022**.

    **SO ORDERED.**

    SIGNED February 8, 2022.

*[signature]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**